IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| **PALMETTO CREST HOLDINGS, LLC. AND FREDDY B, LLC** | X  CIVIL ACTION NO. X X |
| Plaintiffs, | X X |
| v. | X X |
| **JOSEPH G. HIERS,** | X X |
| Defendants. | X |

**COMPLAINT FOR DAMAGES AND OTHER RELIEF**

COME NOW Palmetto Crest Holdings, LLC and Freddy B, LLC (hereinafter "Palmetto Crest" and "Freddy B" respectively or collectively as "Plaintiffs"), Plaintiffs in the above-styled action, and, by and through their undersigned counsel, hereby file their Complaint for Damages and Other Relief, and respectfully show as follows:

### I. PARTIES, JURISDICTION, VENUE

1.

Palmetto Crest is a South Carolina limited liability company with a principal place of business located in Pawleys Island, South Carolina. By filing the within action, Palmetto Crest has consented to and submitted itself to the jurisdiction and venue of this Court.

2.

Freddy B is a South Carolina limited liability company with a principal place of business located in Pawleys Island, South Carolina. By filing the within action, Freddy B has consented to and submitted itself to the jurisdiction and venue of this Court.

1

3.

Defendant is a resident of Baxley, Appling County, Georgia, and may be served with process as provided by law at 1978 Hatch Parkway S., Baxley, Georgia 31513 or 201 Oakdale Circle, Baxley, Georgia 31513.

4.

The property that is the subject of this action is located on Villa Road and Lakeshore Drive, Brunswick, Georgia 31525. It also is known as 100 Golden Isles Parkway, Brunswick, Georgia.

5.

Jurisdiction is proper herein pursuant to 28 USCA 1332 and 1367.

6.

Palmetto Crest and Freddy B are residents of the State of South Carolina, and Defendant is a resident of the State of Georgia. Therefore, there is complete diversity between the Plaintiffs and the Defendant.

7.

The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8.

This Honorable Court has original jurisdiction herein and also supplemental jurisdiction, pursuant to 28 USCA 1367, over Plaintiffs' other claims which form part of the same case or controversy under Article III of the United States Constitution.

9.

Venue is properly laid herein pursuant to 28 USCA 1391(b)(1) and (2).

## II.   STATEMENT OF FACTS

10.

Plaintiffs restate and reallege the allegations contained in Paragraphs 1-9 above as if restated and realleged in full herein.

11.

Defendant entered into a Real Property Purchase Agreement (hereinafter "Purchase Agreement") with Freddy B, by and through Fred Browder McGill, Managing Member. Pursuant to the Purchase Agreement, Defendant agreed to sell and Freddy B agreed to buy "(Lots 5, 6, 7, 8, 9, 10, 11, 12, 18, 19, 20, 21, 22, 23, 28 (15 villa town home lots-90 doors total" located in Glynn County, Georgia (hereinafter referred to as the "Property"). A copy of the Purchase Agreement is attached hereto as Exhibit "A."

12.

The purchase price was One Million Two Hundred Fifty Thousand Dollars ($1,250,000.00), and closing was to occur on or before July 7, 2021.

13.

Upon acceptance of the Purchase Agreement, Freddy B deposited earnest money of $10,000.00 to be held in escrow and applied for Freddy B's benefit against the purchase price at closing.

14.

Significantly, pursuant to the Purchase Agreement, there were express and specifiic contingencies to be satisfied prior to closing. In particular, the Purchase Agreement was contingent on the following:

a. Final site and design approval by Glynn County that will allow a minimum of 90 townhome residential units;

b. Acceptable and current Phase 1 (ESA) provided by Purchaser showing no contanimination of site;

c. Confirmation of all utilities available in the capacity necessary to service the intended residential subdivision;

d. Acceptable title, GADOT driveway permit, and geotechnical evaluation in Purchaser's sole and absolute discretion.

15.

Pursuant to the Purchase Agreement, in the event legal action is instituted by either of the parties to enforce the terms thereof, the prevailing party is entitled to receive their reasonable attorney's fees.

16.

More importantly, under Paragraph 17 of the Purchase Agreement, "Default,"

> In the event the purchase and sale contemplated by this Agreement is not consummated because of the inability, failure or refusal, for whatever reason whatsoever by Seller to convey the property in accordance with the terms and conditions provided herein or because of other fault of Seller or reason provided herein for Purchaser not consummating this transaction, all Earnest Money paid in connection with this Agreement shall be refunded to purchaser <u>without prejudice to any other legal or equitable right or remedy of Purchaser against Seller.</u>

17.

Subsequently, Freddy B assigned the Purchase Agreement to Plaintiff Palmetto Crest.

18.

On or around July 7, 2021, the Parties entered a written Addendum/Amendment to the Purchase Agreement (hereinafter "First Amendment"). A copy of the First Amendment is attached hereto as Exhibit "B."

19.

Pursuant to the First Amendment, the closing date was extended, and Palmetto Crest agreed to pay an additional deposit of $50,000.00 on or before July 8, 2021 and a subsequent $50,000.00 deposit on or before July 22, 2021. At the time the Parties were still working towards a development of townhomes.

20.

On or around August 4, 2021, the Parties entered another written Addendum/Amendment to the Purchase Agreement (hereinafter "Second Amendment"). A copy of the Second Amendment is attached hereto as Exhibit "C."

21.

Pursuant to the Second Amendment, the closing date was extended and the due diligence period extended, and Palmetto Crest agreed to pay an additional deposit of $50,000.00 and a subsequent $50,000.00 deposit on or before August 22, 2021. The Second Amendment arose out of trying to facilitate construction of "residential pads" rather than the agreed upon townhouses.

22.

To date, Palmetto Crest (and assignor Freddy B) has paid $210,000.00 in Ernest Money deposits.

23.

After entering into the Purchase Agreement and the Amendments, Palmetto Crest began working with Defendant to try to complete the transaction and sale/purchase of the Property.

24.

Unfortunately, despite Defendant's representations, initially, the Property could not be developed for townhouses, which was contemplated and an express contingency under the Purchase Agreement. Rather, the PUD called for condominiums.

24.

In addition to the inability to construct townhomes, the Seller/Defendant also could not provide an appropriate driveway and/or access for the development.

25.

Palmetto Crest exhausted numerous options to try to make the transaction work, including attempting to change the project from townhouse to residential units.

26.

Unfortunately, for quite some time, the Defendant could not provide what was agreed in the Purchase Agreement and, therefore, did not perform under the contract.

27.

Accordingly, the closing did not occur.

28.

Despite demands, the Defendant continues to retain and hold Plaintiffs' deposits and refused to return same.

29.

Defendant has been in default under the Purchase Agreement and Amendments and, therefore, was required to return Plaintiffs' deposits in full.

30.

At Defendant's request, Palmetto Crest prepared a presentation for Defendant to present at a Glynn County Commission meeting seeking a change in zoning to allow the townhouses.

31.

Palmetto Crest has learned that its presentation was successfully made and received, and the townhouse project can now move forward.

32.

Palmetto Crest is ready and able to close the Purchase Agreement.

### III.     CAUSES OF ACTION

A. BREACH OF CONTRACT (Specific Performance)

33.

Plaintiffs restate and reallege the allegations contained in Paragraphs 1-32 above as if restated and realleged in full herein.

34.

Freddy B and Defendant entered into a contract, the Purchase Agreement, which was assigned to Palmetto Crest.

35.

Plaintiffs have fully performed under the Purchase Agreement.

36.

Plaintiffs' are and at all times have been prepared to close under the Purchase Agreement.

37.

Defendant has failed to perform and failed to close under the Purchase Agreement.

38.

The Purchase Agreement has not been cancelled or terminated.

39.

The property in question is unique.

40.

Plaintiffs do not have an adequate remedy at law to protect and preserve their rights other than specific performance.

41.

Granting specific performance herein would be equitable and just.

42.

Granting Plaintiffs specific performance herein would not cause unreasonable hardship or loss on Defendant or to third persons.

43.

The Court should enter an Order compelling Defendant to specifically perform under the Purchase Agreement and close on the sale/purchase of the Property.

B. BREACH OF CONTRACT (Damages)

44.

Plaintiffs restate and reallege the allegations contained in Paragraphs 1-43 above as if restated and realleged in full herein.

45.

Freddy B and Defendant entered into a contract, the Purchase Agreement, which was assigned to Palmetto Crest.

46.

Under the Purchase Agreement, the Defendant specifically agreed, and the Purchase Agreement was expressly contingent on, Defendant being able to deliver:

a. Final site and design approval by Glynn County that will allow a minimum of 90 townhome residential units;

b. Confirmatin of all utilities available in the capacity necessary to service the intended residential subdivision;

c. Acceptable title, GADOT driveway permit, and geotechnical evaluation in Purchasers sole and absolute discretion.

47.

Defendant materially breached the Purchase Agreement by failing and being unable to provide final site and design approval by Glynn County that would allow a minimum of 90 townhome residential units.

48.

Defendant further materially breached the Purchase Agreement by not providing a GADOT driveway permit.

49.

Defendant is in default under the express terms of the Purchase Agreement because he cannot "for whatever reason whatsoever by Seller [] convey the property in accordance with the terms and conditions" of the Purchase Agreement and therefore all Ernest Money paid in connection with the Purchase Agreement shall be refunded to purchaser without prejudice to any other legal or equitable right or remeby of Purchaser against Seller.

50.

As a direct and proximate result of the Defendant's material breach of the Purchase Agreement, Plainitffs have been injured and are entitled to redress.

51.

Plaintiffs are entitled to recover all damages authorized under Georgia law for Defendant's material breach of the Purchase Agreement including but not limited to actual and consequential damages.

52.

In addition to their other damages, Plaintiffs are entitled to the return and refund of the $210,000.00 deposit made.

C.  UNJUST ENRICHMENT

53.

Plaintiffs restate and reallege the allegations contained in Paragraphs 1-52 above as if restated and realleged in full herein.

54.

Defendant has been conferred a benefit through Plaintiffs providing the deposits described above.

55.

By failing and refusing to pay/refund Plaintiffs for the deposits made, Defendant has been unjustly enriched.

56.

Defendant must be compelled to compensate Plaintiffs for such unjust enrichment.

57.

The Court should impose a constructive trust and lien over Defendant and his property to protect the rights of Plaintiffs and to enforce and prevent Defendant's unjust enrichment.

D.  CONVERSION

58.

Plaintiffs restate and reallege the allegations contained in Paragraphs 1-57 above as if restated and realleged in full herein.

59.

As set forth above, Defendant received Ernest/Deposit Money in the amount of $210,000.00 from Palmetto Crest and Freddy B.

60.

Defendant has retained said Ernest/Deposit Money.

61.

Plaintiffs have made repeated demands for Defendant to refund the Ernest/Deposit Money which demands have been refused and rejected.

62.

Defendant has willfully and intentionally converted Plaintiffs' property.

63.

Said conversion is and has been without authorization and/or consent.

64.

As a direct and proximate result of Defendant's willful and intentional conversion of Plaintiffs' property, Plaintiffs have been damaged and are entitled to redress.

65.

Plaintiffs are entitled to recover damages and all other remedies available under Georgia law for Defendant's intentional and wrongful conversion

66.

By and through his willful and intentional conversion, Defendant has acted intentionally, maliciously, willfully, and has demonstrated that entire want of care justifying the inference of conscious indifference to the consequences of his actions and justifying an award of punitive damages pursuant to O.C.G.A. §51-12-5.1.

E.  ATTORNEY'S FEES AND EXPENSE OF LITIGATION

67.

Plaintiffs restate and reallege the allegations contained in Paragraphs 1-66 above as if restated and realleged in full herein.

68.

Defendant has acted in bad faith, been stubbornly litigious, and caused Plaintiffs unnecessary trouble and expense justifying an award of attorney's fees and expenses of litigation pursuant to O.C.G.A. §13-6-11.

WHEREFORE, Plaintiffs pray:

a. That process issue and Defendant be served as provided by law;

b. That the Court enter Judgment against Defendant ordering and compelling him to specifically perform the Purchase Agreement as prayed for herein;

c. That they recover all damages and remedies provided and authorized for Defendant's breach of contract, conversion, and unjust enrichment;

d. That they recover damages in an amount not less than $210,000.00 for Defendant's wrongful conduct as set forth herein;

e. That they recover interest as provided by law;

f. That they recover their reasonable and necessary expenses;

g. That pursuant to O.C.G.A. §51-12-5.1, they recover punitive damages in an amount sufficient to punish and deter Defendant from any similar conduct in the future;

h. That pursuant to O.C.G.A. §13-6-11, they recover attorney's fees and expenses of litigation based upon Defendant's bad faith, stubborn litigiousness, and causing them unnecessary trouble and expense;

i. That they recover their attorney fees under the Purchase Agreement as prevailing parties; and

j. That they recover such other and further relief as the Court deems just and equitable. Respectfully submitted, this 16th day of April, 2025.

/s/Todd C. Brooks
TODD C. BROOKS
Georgia State Bar No: 085550
*Attorney for Plaintiffs*

CATTS & BROOKS, LLC
1529 Reynolds Street
Brunswick, Georgia   31520
Phone: (912) 261-8448
Fax:    (912) 261-7919
Email: toddbrooks@cattslaw.com